[Cite as *State v. Roberts*, 2018-Ohio-3555.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18-CA-6 |
| | : | |
| JESSE A. ROBERTS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County
                             Municipal Court, Case No. 17CRB02427



JUDGMENT:                    AFFIRMED




DATE OF JUDGMENT ENTRY:      September 5, 2018




APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

J. MICHAEL KING                        KEVIN J. GALL
ASSISTANT LAW DIRECTOR                 73 North Sixth St.
CITY OF NEWARK                         Newark, OH 43055
40 West Main St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1}   Appellant Jesse A. Roberts appeals from the November 30, 2017 judgment entry of conviction and sentence of the Licking County Municipal Court.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from the record of appellant's bench trial.

{¶3}   This case arose on November 9, 2017, when Jane Doe met appellant for the first time via Facebook Messenger.  According to Jane, she "messages a lot of people" and appellant responded to her message, accepting her friend request and asking if she could give him a ride.  Jane agreed and drove to appellant's grandmother's house to pick him up.

{¶4}   Jane drove a green 2016 Chevy Colorado she was attempting to buy, although she was several payments behind.

{¶5}   Appellant wanted a ride to his mother's house, and Jane permitted appellant to drive her truck to his mother's house.  Jane didn't know whether appellant had a valid operator's license and didn't ask.  Appellant and Jane had "consensual sexual contact" at his mother's house and then left in the Colorado, again with appellant driving Jane's vehicle.

{¶6}   At some point, according to Jane, appellant went off the left side of Bolen Road in Licking County and struck a utility pole with the vehicle, creating a "crease" in the hood.  Jane told appellant to stop and report the crash, but he refused to stop.  Jane then asked him to take her home or to a friend's house, but appellant purportedly refused.

Jane demanded her keys back, but appellant "refused to come up off the keys," as Jane testified several times.

{¶7} For the next three days, according to Jane's account, appellant drove her truck to the homes of various friends of his, with Jane a virtual prisoner because she was afraid to ask for help. Appellant and Jane were in and out of friends' homes. She said she had a cell phone with her but no service, and she was afraid to ask anyone she encountered for help because they were friends of appellant. She was afraid of appellant because she said he threatened her with violence when she sneezed.

{¶8} Finally, on November 12, appellant left Jane behind at an apartment complex and drove off in the truck. Jane now felt she could ask for help because appellant had allegedly stolen something and people at the apartment were mad at him. A woman at the apartment helped Jane call her brother and he picked her up.

{¶9} Jane reported the incident to the Licking County Sheriff's Department and Deputy Thomas was dispatched for the call of a stolen vehicle. En route to Licking Valley Road and East Wolford Road, Thomas passed a green Chevy Colorado matching the description of the stolen vehicle. Thomas turned around to follow the vehicle, just in time to observe the vehicle travel off the side of the road, and wreck.

{¶10} Thomas extracted the driver, the sole occupant, from the wreckage and arrested him. Appellant was the driver.

{¶11} Appellant was charged by criminal complaint with one count of unauthorized use of a motor vehicle pursuant to R.C. 2913.03(A), a misdemeanor of the first degree, and one count of unlawful restraint pursuant to R.C. 2905.03, a misdemeanor of the third degree. Appellant entered pleas of not guilty and the matter proceeded to bench trial,

with appellant representing himself.  The trial court found appellant guilty of unauthorized use of a motor vehicle and not guilty of unlawful restraint.  Appellant was sentenced to a jail term of 90 days with credit for time served.[1]

{¶12} Appellant now appeals from the judgment entry of his conviction and sentence.

{¶13} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶14} "THE DEFENDANT-APPELLANT'S CONVICTION FOR UNAUTHORIZED USE OF A MOTOR VEHICLE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

## ANALYSIS

{¶15} In his sole assignment of error, appellant argues his conviction is against the manifest weight and sufficiency of the evidence.  We disagree.

{¶16} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.  *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.  The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after

---

[1] The trial court granted a stay of appellant's sentence pending appeal.

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶17} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶18} Appellant was found guilty upon one count of unauthorized use of a motor vehicle pursuant to R.C. 2913.03(A), which states: "No person shall knowingly use or operate [a] * * * motor vehicle * * * without the consent of the owner or person authorized to give consent." Appellant's argument is premised solely upon the credibility of Jane Doe's testimony, or lack thereof. Appellant acknowledges the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79. The trier of fact in this case was the trial court. He contends, however, that Jane was so lacking in credibility that the trial court should not have believed her when she testified appellant did not have consent to operate her vehicle.

{¶19} Doe testified that she consented to appellant's operation of the vehicle only until the point at which he hit the utility pole, which was purportedly early in the three-day

encounter. From that point forward, he did not have her consent to operate the vehicle, and when Deputy Thomas encountered him in the wreckage, appellant was alone in the vehicle.

{¶20} Any inconsistencies in Doe's account were for the trial court to resolve. *State v. Dotson*, 5th Dist. Stark No. 2016CA00199, 2017-Ohio-5565, ¶ 49. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." *State v. Brindley,* 10th Dist. Franklin No. 01AP–926, 2002–Ohio–2425, ¶ 16. We defer to the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), at paragraph one of the syllabus. When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan,* 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." *State v. Pizzulo,* 11th Dist. Trumbull No. 2009–T–0105, 2010–Ohio–2048, ¶ 11. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. *Id.*

{¶21} Nor do inconsistencies in the testimony establish appellant's conviction is against the manifest weight of the evidence. *Dotson*, supra, 2017-Ohio-5565, at ¶ 50. A defendant is not entitled to a reversal on manifest weight grounds simply because there was inconsistent evidence presented at trial. *Id.*, citing *State v. Raver,* 10th Dist. Franklin No. 02AP604, 2003–Ohio–958, ¶ 21. The trier of fact is in the best position to take into

account any inconsistencies, along with the witnesses' demeanor and manner of testifying, and determine whether or not the witnesses' testimony is credible. See, *State v. Williams,* 10th Dist. Franklin No. 02AP–35, 2002–Ohio–4503, ¶ 58. We have held that the testimony of one witness, if believed by the factfinder, is enough to support a conviction. See, *State v. Dunn,* 5th Dist. Stark No. 2008–CA–00137, 2009–Ohio–1688, ¶ 133.

{¶22} The fact that the trial court found appellant guilty of unauthorized use but not guilty of unlawful restraint does not render the conviction against the manifest weight or sufficiency of the evidence.  We note that it was Deputy Thomas who found appellant, alone, driving the Chevy Colorado and wrecking it.  Jane Doe testified appellant did not have consent to drive the truck at that time.  While the facts surrounding the alleged three-day encounter may have been hazy at best, the facts of the unauthorized use of the vehicle are straightforward.  The finder of fact may take note of the inconsistencies and resolve or discount them accordingly, but such inconsistencies do not render defendant's conviction against the manifest weight of the evidence. *State v. Nivens,* 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714, at *3 (May 28, 1996).

{¶23} Upon our review of the entire record, we conclude appellant's unauthorized use conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶24} Appellant's sole assignment of error is overruled and the judgment of the Licking County Municipal Court is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Gwin, J., concur.